Gregory C. Nuti (SB 151754)
Kevin W. Coleman (SB 168538)
Christopher H. Hart (SB 184117)
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, 19th Floor
San Francisco, CA 94108-2736
Telephone: 415-364-6700
Facsimile: 415-364-6785
Email: gnuti@schnader.com
       kcoleman@schnader.com
       chart@schnader.com

Proposed Attorneys for Debtor,
PEEK, AREN'T YOU CURIOUS, INC.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PEEK, AREN'T YOU CURIOUS, INC.,<br><br>Debtor. | Case No.: 16-30146 HLB<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF ASSETS**<br><br>Date: [TBD]<br>Time:<br>Place: 450 Golden Gate Avenue<br>Courtroom 19<br>San Francisco, CA 94102<br>Judge: Hon. Hannah L. Blumenstiel |

Peek, Aren't You Curious, Inc., the debtor and debtor in possession (the "Debtor" or "Peek") hereby submits its memorandum of points and authorities in support of its motion to assume and assign executory contracts and unexpired leases to Charlotte Russe, Inc.

///

///

///

# I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 363, and 365 the Bankruptcy Code and Bankruptcy Rule 6006.

# II. BACKGROUND

**A.   The Debtors' Bankruptcy Filing**

2. On February 5, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**B.   The Debtors' Business**

3. The Debtor designs, manufactures and sells, at both retail and wholesale, high quality children's clothing.

4. Peek currently owns and operates twenty (20) retail locations in ten (10) states, as well as selling product through its ecommerce web site.

5. Peek does not have any secured lenders, bank loans or other debt obligations to institutional lenders.

6. Peek intends to use these Chapter 11 proceedings to consummate a sale of eight (8) retail location and related design and production assets to Charlotte Russe, Inc., or another entity that may submit a higher and better offer for the Peek assets. The terms of this proposed transaction are contained in the Asset Purchase Agreement (the "Purchase Agreement")[1] are discussed in more detail in the Debtor's Motion to Approve Sale Free and Clear of Liens.

///
///
///

---

[1] A form of the proposed Purchase Agreement to be entered into with the Buyer is on file with the Court as Exhibit A to the Declaration of Tina Canales in Support of First Day Motions.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

## III. RELIEF REQUESTED

7. By this Motion, the Debtor seeks authority to assume certain executory contracts and unexpired leases listed on Exhibit A to the Motion (collectively, the "Assumed Contracts") and assign those contracts and leases to the Buyer in connection with the Sale, subject to and conditioned upon the closing of that sale.

8. The Debtor also seeks entry of an order determining that:

   a. there are no defaults and accordingly, no Cure Amounts are due under either the Assumed Leases or the Assumed Contracts. [2]

   b. the provisions of any leases to be assigned purporting to increase rent or pay other consideration to the lessor upon assignment are unenforceable pursuant to 11 U.S.C. 365(f).[3]

   c. in accordance with section 365(k) of the Bankruptcy Code, determining that the assignment by the Debtor to the Buyer(s) of the Assumed Contracts relieves the Debtor and/or the bankruptcy estate, as applicable, from any liability for any breach of such Assumed Contracts occurring after such assignment.

///
///
///
///
///

---

[2] Spring inventory purchases noted at Ex A, Assumed Contracts, ¶ 7 will be due after the projected closing date for the sale, and will total $850,438, all of which the Proposed Buyer, Charlotte Russe, Inc. as agreed to assume and pay as part of the Purchase Agreement.

[3] Section 6.2.6 of the Purchase Agreement conditions Buyer's obligation to close on entry of an order approving the sale determining that the "provisions of the Assumed Leases and Assumed Contracts purporting to modify the terms of such agreements based on the assignment to Buyer are unenforceable pursuant to Bankruptcy Code Section 365(f)."

## IV. DISCUSSION

**A. The Assumption and Assignment of the Assumed Contracts is Within the Debtor's Sound Business Judgment and, Together with the Sale, is in the Best Interests of the Bankruptcy Estate**

9. Section 365(a) permits a debtor or trustee to assume or reject an executory contract or unexpired lease upon authorization of the Court after notice and a hearing. The question of whether a contract should be rejected, and if not, on what terms it should be assumed, is one of business judgment. <u>Group of Institutional Investors v. Chicago, Milwaukee, St. Paul and Pacific R. Co</u>. 318 U.S. 523, 550 (1943) reh'g denied, <u>Group of Institutional Investors v. Abrams,</u> 318 U.S. 803 (1943). Under the Bankruptcy Code, most courts have applied the business judgment test to the decision to assume or reject a contract or lease. <u>In re Orion Pictures Corp.</u> 4 F.3d 1095 (2nd Cir. 1993); <u>Richmond Leasing Co. Capital Bank, N.A.,</u> 762 F.2d 1303 (5th Cir. 1993); see also <u>In re Rega Properties, Ltd.</u>, 894 F.2d 1136 (9th Cir. 1990). The Ninth Circuit Bankruptcy Appellate Panel has stated the standard by which the Trustee (or, Debtor here) should exercise its business judgment as follows: "What are the criteria which the court and the Trustee [Debtor] should legitimately consider in exercising their "business judgment?" The primary issue is whether [assumption or] rejection would benefit the general unsecured creditors." <u>In re Chi-Feng Huang,</u> 23 B.R. 798, 801 (B.A.P. 9th Cir. 1982).

10. As discussed in the Sale Motion, and paragraphs 35-39 of the Declaration of Maria C. Canales in Support of First Day Motions, Debtor believes that the Purchase Agreement and the Sale, with the opportunity for overbid, is in the best interests of creditors and the bankruptcy estate. Moreover, by assuming and assigning the Assumed Contracts to the Buyer, as is contemplated by the proposed Sale, the number of overall claims against the Debtors will be greatly reduced, thereby providing for a greater return to creditors. Accordingly, the Debtor submits that assumption and assignment of the Assumed Contracts, together with approval of the Sale, constitutes an exercise of its sound business judgment.

///

### B. The amounts Listed on Exhibit A Should Be Established as the Cure Amounts For Each Assumed Contract

11. As of the filing of this Motion, the Debtor is current on all obligations under the leases and contracts to be assumed and assigned to Charlotte Russe. Canales Decl., ¶ 6. Moreover, the Debtor's payment obligations under the purchase agreements for so-called "Spring 2" have not come due as of the commencement of the case (and so Peek is not in default), but those obligations will come due at or around the expected closing of the sale. As discussed below and in the Sale Motion, Charlotte Russe is assuming the obligations to the Spring 2 vendors.

### C. Each Counterparty Should Be Deemed to Have Received Adequate Assurance of Future Performance by the Buyer

12. Pursuant to the requirements of section 365 of the Bankruptcy Code, to assume a contract or lease there must also be assurance that the contract or lease will be performed in the future. 3 Collier on Bankruptcy, 15th ed. § 365.05 (2005). However, the Bankruptcy Code does not define adequate assurance of future performance. "In the absence of any definition of 'adequate assurance' courts are counseled to give the phrase a pragmatic construction. [...] At a minimum, the primary focus of adequate assurance concerns the assignee's ability to fulfill the financial obligations..." In re Martin Paint Stores, 199 B.R. 258, 273 (Bankr. S.D.N.Y. 1996) (citations omitted).

13. The Debtor believes that the Buyer will be able to demonstrate adequate assurance of future performance. The Bidding Procedures Order requires that all bidders must demonstrate their ability to consummate the proposed transactions contemplated in their offer, including adequate assurance of future performance, to become Qualified Bidders. Thus, any entity that qualifies as a Qualified Bidder will have demonstrated the wherewithal to perform going forward.

14. The Debtor anticipates that the parties to the Assumed Contracts will consent to the assumption and assignment to the Buyer(s) of the Assumed Contracts upon the terms requested herein and in the Purchase Agreement. If any Counterparty to an Assumed

Contract requires additional information regarding the proposed assignment to the Buyer(s), they should contact counsel to the Debtor's counsel to facilitate additional information to such parties in advance of the Sale Hearing. To the extent necessary, evidence will be submitted at the time of the Sale Hearing, demonstrating the financial wherewithal of the Buyer(s) to perform the obligations of the Assumed Contracts following the Closing of the Sale.

### D. Lease Provisions Purporting to Increase Rent of Provide for Additional Consideration to Counter-Parties Upon Assignment Are Unenforceable

15. , It is well established that Bankruptcy Code section 365(f), 11 U.S.C. 365(f), preempts a provision in a retail lease that might otherwise be valid under state law, and "renders unenforceable provisions in a lease which condition or in any way restrict the assignment of the lease…" In re Standor Jewelers West, 129 B.R 200, 202 (B.A.P. 9th Cir. 1991); Robb v. Schindler, 142 B.R. 589 (Bankr. D. Mass. 1992). Further, "a provision which conditions or restricts the ability of a debtor to fully realize the economic value of its lease upon assignment is invalid. Standor Jewels, 129 B.R. at 203.

### V. CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court authorize the assumption and assignment of the executory contracts and unexpired leases on Exhibit A to Charlotte Russe, and find that any provisions of the assigned leases or contracts that require payment of additional consideration or alter the rent or other lease terms are unenforceable pursuant to Bankruptcy Code Section 365(f).

Dated: February 5, 2016

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Gregory C. Nuti
Gregory C. Nuti
Attorneys for Peek, Aren't You Curious, Inc., Debtor

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785